(140 App. Div. 406.)

In re LAZARUS.

In re HARDING.

(Supreme Court, Appellate Division, First Department.   November 2, 1910.)

1. ELECTIONS (§ 154*)—CONVENTIONS—SEATING DELEGATES—AUTHORITY OF CONVENTION AND COURT.

While the statute (Consol. Laws, c. 17, § 68) gives a political convention the right to decide all questions as to delegates to it, yet the Supreme Court, under the power given it to review any action or neglect with regard to any right given the convention (section 70), may determine that the convention has improperly refused to seat certain delegates and seated others in their places.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

2. ELECTIONS (§ 154*)—CONVENTIONS—SEATING DELEGATES ON ORDER OF COURT —FRAUD.

The officers of a convention, on the presentation to it of the order of the Supreme Court determining that it had improperly refused to seat certain delegates, and directing that they be seated, were bound to obey the order, so long as it stood, as refusal to obey it would make them guilty of a misdemeanor, though there might have been fraud in the application for the order, for which on direct attack the order might be set aside, so that their obeying it did not make the action of the convention void.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 154.*]

3. ELECTIONS (§ 158*)—CONVENTIONS—NOMINATIONS—IMPROPER SEATING OF DELEGATES.

That two delegates are improperly seated by a convention does not of itself make a nomination by it void on collateral attack.

[Ed. Note.—For other cases, see Elections, Dec. Dig. § 158.*]

Appeal from Special Term, New York County.

In the matter of the application of Bernard Lazarus, and in the matter of the application of John M. Harding, orders were made, from which appeals are taken.   Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Abm. G. Meyer and H. R. Limburg, for appellant.

Julius M. Mayer and H. Crone, for respondents.

PER CURIAM.   The court is unanimously of the opinion that the statute (Consol. Laws, c. 17, § 68) gives to the convention the right to decide all questions as to the delegates to that convention.   But the statute also provides that any action or neglect with regard to any right given to, or duty prescribed for, any voter, political committee, political convention, officer, or board by this article shall be reviewable by the appropriate remedy of mandamus or certiorari, as the case may require.   In addition thereto, the Supreme Court, or any justice thereof within the judicial district, or any county judge within his county, shall have summary jurisdiction, upon complaint of any citizen, to review such action or neglect (Consol. Laws, c. 17, § 70).

Under that, the Supreme Court had power to review the action of the convention in seating these delegates.   The statute also expressly provides that that review shall be based upon such notice as the court

shall direct.   Under these circumstances, the court had jurisdiction to determine whether or not the act of changing the delegates and seating other candidates was proper, and had power to review the action of the convention.  The court assumed to exercise that power.  It determined that the convention had improperly refused to seat two delegates, and had improperly seated other delegates.  That order was presented to the convention.  The officers were bound to obey it, and their obeying it certainly did not invalidate their action.

Counsel for the respondents says the order was obtained by fraud. The distinction between the fraud that will justify a refusal to obey an order, and the fraud that will justify a direct attack upon the order, seems to have been lost sight of.   This whole question of fraud in this application would not justify disobedience of that order.   Clearly, if the convention had seen fit to refuse to obey it, it would have been the duty of the court on these facts to have punished the officers for such a refusal, and they would also have been guilty of a misdemeanor. The mere fact that they did what they would have been guilty of a crime for not doing—recognized the order and seated those whom the order directed them to seat as members of the committee—would not, upon any principle that we can think of, make the action of the convention void.

It might very well be that, if Mr. Justice McCall had known as much about this as we now know, he would not have granted that order.   If that order had been attacked directly by a person interested on a motion to vacate on the ground of collusion or fraud, if you please, it might be that order would have been vacated; but as long as it stands it had to be obeyed, and obedience to it did not render the convention or the nomination invalid.   We think, therefore, that these orders cannot stand.

In addition, the mere fact that two of the delegates were improperly seated would not of itself make the nomination void on a collateral attack in this way.   It necessarily must be so, or else no nomination would be of any use, because parties might well show, in every instance of an attack upon a nomination, that but for fraud in the election, or fraud in something else, other delegates would have been elected, who would have voted the other way.   Such an attack cannot be sustained for an instant.

We think that both these orders should be reversed, and the decision of the board of elections sustained.